**Motions Denied; Dismissed and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00424-CV

## BORIS TWAIN CLEWIS, Appellant

## V.

## HARRIS COUNTY, ET. AL. Appellees

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-42761**

## M E M O R A N D U M   O P I N I O N

On January 12, 2015, appellant filed a motion to dismiss pursuant to section 27.001 of the Texas Civil Practice and Remedies Code. Appellant's motion was overruled by operation of law 30 days later, on February 11, 2015, when the trial court did not rule on the motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005 (West 2015). Section 27.008(b) of the Texas Civil Practice and Remedies Code requires an appellate court to expedite an appeal from the trial court's failure to

rule under section 27.005. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). Therefore, appellant's notice of appeal was due on or before March 3, 2015. *See* Tex. R. App. P. 26.1(b). On April 23, 2015, appellant Boris Twain Clewis filed a "Notice of Expedited Appeal Pursuant to Texas Civ. Prac. & Rem. Code §§ 27.001-011."

Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Rule 26.3.

On September 15, 2015, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). In response, appellant filed a motion to direct the district clerk and court reporters to supplement the record. Appellant seeks to supplement the record with motions he filed in the trial court, appellees' amended petition, and appellant's responses to the amended petition. These items, if filed as part of a supplemental record, would not overcome the untimely filing of appellant's notice of appeal. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions[.]"). Appellant's motion to supplement the record is denied. In addition, prior to notice of dismissal, appellant filed a motion to stay the underlying court proceedings. Because we lack jurisdiction over this appeal, we deny appellant's motion to stay the trial court's proceedings.

Accordingly, the appeal is ordered dismissed.[1]


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

---

[1] On July 28, 2015, appellees filed a motion to dismiss this appeal for want of prosecution. Because we dismiss the appeal for want of jurisdiction, we deny as moot appellees' motion to dismiss.